```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION

BRIAN WOODS,                       )
                                   )
Plaintiff,                         )
                                   )
vs.                                )    NO. 3:11-CV-140
                                   )
JOHN DOE # 1, *et al.*,            )
                                   )
Defendants.                        )
```

## OPINION AND ORDER

This matter is before the Court on a complaint filed by Brian Woods. For the reasons set forth below, the Court: (1) **GRANTS** Brian Woods leave to proceed against Superintendent Levenheagan for the sole purpose of discovery to identify the four unknown correctional officers who beat him and denied him medical treatment at the Westville Correctional Facility on August 10, 2010; (2) **DISMISSES** all other claims; (3) **DISMISSES** Mr. Whaylan, the WCU counselor, Nurse #1, and Nurse #2; (4) **DIRECTS** the clerk to transmit the summons and USM-285's for Superintendent Levenheagan to the United States Marshals Service; (5) **DIRECTS** the United States Marshals Service to effect service of process on Superintendent Levenheagan; (6) **ORDERS** Superintendent Levenheagan to appear and respond to discovery for the sole purpose of identifying the four unknown officers involved at the Westville Correctional Facility on August 10, 2010; (7) **WAIVES** Superintendent Levenheagan's obligation to

file an answer pursuant to 42 U.S.C. § 1997e(g)(2); (8) **DIRECTS** the clerk to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to Brian Woods along with a copy of this order; (9) **ORDERS** that all discovery shall be initiated by November 1, 2011; (10) **GRANTS** Brian Woods leave to file an amended complaint on or before January 5, 2012, which presents any and all claims that he is asserting against the four defendants he has identified; and (11) **CAUTIONS** Brian Woods that if he does not file an amended complaint by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because his current complaint does not state a claim against a named defendant.

BACKGROUND

Brian Woods, a *pro se* prisoner, alleges that four unknown guards were involved with beating him in his cell at the Westville Correctional Facility on August 10, 2010, at approximately 3:40 p.m. He also alleges that they denied him medical treatment for the the following 19 hours. Though he has included five others (Mr. Whaylan, the WCU counselor, Mr. Levenheagen, Nurse #1, and Nurse #2) in his list of defendants on page 2 of the complaint, he makes no factual allegations about any of those five.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

"A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). Here, Woods has not made any allegations against five of his nine defendants. Without a plausible allegation of personal involvement, Woods has not stated a claim against any of those five defendants.

Woods alleges that the other four defendants used excessive force against him and denied him medical treatment. The "core requirement" for an excessive force claim is that the defendant

"used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

Though it appears that Woods may be able to state a claim against the four unknown officers, the John and Jane Doe defendants named in his complaint must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Nevertheless, Woods may proceed against Superintendent Levenheagen for the sole purpose of conducting discovery to identify the names of these defendants. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). Therefore, even though Woods does not state a claim against the Superintendent, he will not be dismissed until after Woods has an opportunity to conduct discovery

to identify the four officers involved at the Westville Correctional Facility on August 10, 2010. After Woods has identified these four defendants, he needs to file an amended complaint naming them and setting forth the factual basis for all of his claims.

CONCLUSION

For the reasons set forth above, the court: (1) **GRANTS** Brian Woods leave to proceed against Superintendent Levenheagan for the sole purpose of discovery to identify the four unknown correctional officers who beat him and denied him medical treatment at the Westville Correctional Facility on August 10, 2010; (2) **DISMISSES** all other claims; (3) **DISMISSES** Mr. Whaylan, the WCU counselor, Nurse #1, and Nurse #2; (4) **DIRECTS** the clerk to transmit the summons and USM-285's for Superintendent Levenheagan to the United States Marshals Service; (5) **DIRECTS** the United States Marshals Service to effect service of process on Superintendent Levenheagan; (6) **ORDERS** Superintendent Levenheagan to appear and respond to discovery for the sole purpose of identifying the four unknown officers involved at the Westville Correctional Facility on August 10, 2010; (7) **WAIVES** Superintendent Levenheagan's obligation to file an answer pursuant to 42 U.S.C. § 1997e(g)(2); (8) **DIRECTS** the clerk to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to Brian Woods along

with a copy of this order; (9) **ORDERS** that all discovery shall be initiated by November 1, 2011; (10) **GRANTS** Brian Woods leave to file an amended complaint on or before January 5, 2012, which presents any and all claims that he is asserting against the four defendants he has identified; and (11) **CAUTIONS** Brian Woods that if he does not file an amended complaint by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because his current complaint does not state a claim against a named defendant.

DATED: September 7, 2011          /s/RUDY LOZANO, Judge
                                  **United States District Court**